MODESTO ET AL. *v.* ESTATE OF DUBOIS.

APPEAL from the District Court of Humacao.

No. 566.—Decided November 21, 1910.

COSTS—CONSTRUCTION OF STATUTES.—It is a general rule that the laws regulating the taxation of costs in courts of justice must be strictly construed, and a party cannot demand from his opponent the payment of costs unless there be a law conferring upon him the right to do so.

ID.—ATTORNEYS' FEES—AMOUNT OF THE THING CLAIMED.—Where the costs are allowed to a party in a suit wherein the amount involved exceeds $500 he will also have a right to attorneys' fees; but the value of the thing in litigation must appear of record.

ID.—WHERE AMOUNT INVOLVED DOES NOT APPEAR.—In an action for filiation, such as the one exercised herein, if the value of the estate of the deceased predecessor in interest should exceed $500, there may be some reason for demanding attorneys' fees, but if no statement as to the value of the property appears in the record, no presumption can be indulged in favor of the allowance of such fees as costs of the action.

ID.—PERIOD FOR FILING MEMORANDUM OF COSTS—FEES FOR SERVICES RENDERED IN SUPREME COURT.—The memorandum of costs must be filed within 10 days after the final judgment has been rendered, and under no circumstances can district courts allow attorneys' fees to one of the parties for services rendered in the Supreme Court, the latter being the only court that could allow such fees, provided there be a provision of law expressly authorizing it so to do.

ID.—Not only is there no provision authorizing the Supreme Court to allow attorneys' fees to one of the parties for services rendered therein, but, rather, the contrary would seem to be established by the provisions of section 8 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellants.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit for filiation. The plaintiffs are natural children of Luis Dubois. The defendants are the heirs of his mother. The complaint asks recognition of plaintiffs as natural children with all rights given by the Civil Code. Nothing further is said about property. Dubois died in 1889.

The answer is a general denial. On December 23, 1909, judgment was rendered for plaintiffs "that they be held as the recognized natural children of Luis Dubois, with costs against defendants." An appeal was taken to this court on January 12, 1910, and on April 4, 1910, the appeal was disimssed.

On April 18, 1910, plaintiffs' attorney presented a bill of costs amounting to $517.60 against defendants for payment. Of this amount $450 was for attorney's fees and $40 for witness fees. On April 11 the defendants filed an objection to this bill of costs on the following grounds, to wit: That the same is excessive in the item of witnesses' fees; 5 witnesses at $8 each, $40; alleging that $5 each is enough, $25; also to the attorney's fees, which consist of two items, $300 in district court and $150 in Supreme Court. Defendants say that according to the Act of March 12, 1908, the prevailing party can only recover costs and disbursements, including attorney's fees, when the matter litigated exceeds $500. In this suit, as alleged, no amount is mentioned. The litigation only concerns the right of the plaintiffs to be declared the natural children of Luis Dubois. Hence the attorney's fees cannot be included in the bill of costs; and, besides, they are excessive.

Hence the prayer of the answer is that the attorney's fees be eliminated altogether from the cost bill and the witnesses' fees reduced to $25. This would reduce the cost bill to $52.60.

On April 25 the district judge passed on the question and reduced the attorney's fees to $250 and the whole bill of costs to $317.60. The language of the disposing part of the order reads as follows:

"Giving a sound construction to the law of 1908 relating to costs, the fees of attorneys, when proper, must be granted in suits relating to reclamation of property as well as in those in which the acknowledgment of rights of a purely personal character is sought; and, inasmuch as the spirit and the purpose of said law is to grant said fees in the cases of which the district courts take original cognizance, and

establishing that the aforesaid fees are to be granted in suits, the amount of which exceeds $500. Therefore the following costs and fees are hereby granted:

| | |
|---|---:|
| To the Secretary | $10.00 |
| To witnesses | 40.00 |
| A summons | 2.00 |
| To the Attorney Enrique López, for his defense, and motion before the Supreme Court | 250.00 |
| To the stenographer, etc., etc., | 15.00 |
| For a certificate | 0.60 |
| | |
| Total amount | 317.60 |

"Given in open court to-day, the 26th of April, 1910."

On May 2, 1910, defendants appealed from this order and the transcript was filed here on June 1 last.

In his brief counsel for appellants recited the facts of the case and alleged the following:

"The appellants believe that not only on account of the reasons set forth in the writing of opposition presented to the District Court of Humacao, which reasons are reproduced herewith, but also—and above all—by virtue of the jurisprudence of this court relating to the form, time and manner in which the costs of a suit are to be recovered, the memorandum of costs presented by the plaintiffs should be dismissed, and thus it is respectfully prayed of the court."

It appears to us that the district judge has put a strained construction on the statute and that attorney's fees should not have been allowed.

Let us examine the law in regard to costs and particularly in respect to attorney's fees when so allowed. It is a general rule that laws concerning court costs should be strictly construed and we have followed this rule in the case of *González* v. *Gromer* (16 P. R. Rep., 1), decided by us on January 17, last. Abundant authority for this principle is found in American jurisprudence.

Section 327, Code of Civil Procedure of Porto Rico, amended by the Act of March 12, 1908 (Sess. Acts 1908, p. 85), says:

"In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds $500, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services."

There is nothing in this case to show whether or not "the subject matter exceeds $500." If the estate of the deceased relative or ancestor, or father, was worth more than $500, there might be some plausibility in claiming attorney's fees; but the record is absolutely silent on this subject. From this silence no presumption can be indulged in favor of allowing such fees as costs.

"A party can in no case recover costs from his adversary unless he can show some statute which gives him the right.

"Statutes which give costs are not to be extended beyond the letter, but are to be construed strictly.   (2 Stra., 1006, 1069; 3 Burr., 1287; 4 S. & R., 129; 1 Rich., 4.)"   (1 Bouvier, p. 447.)

"In England it seems that statutes relating to costs were considered penal in their nature and to be strictly construed; and this is the rule in a number of the States."   (11 Cyc., p. 27.)

"To authorize an allowance of costs in special proceedings, some special statutory authorization is necessary.   These proceedings are not within the purview of statutes authorizing the allowance of costs in 'actions.'   In many jurisdictions statutes have been enacted authorizing the allowance of costs, in special proceedings generally or in designated classes of special proceedings; and under some of these provisions the costs are in the discretion of the court."   (11 Cyc., 53 and 54.)

"Attorney's fees are not allowable in the absence of a statute or in the absence of some agreement or stipulation specially authorizing . the allowance thereof."   (11 Cyc., pp. 104 and 105.)

But, aside from the general principle applicable hereto, the item of $250 "for his defense and motion before the

Supreme Court" must be stricken out on the authority of a decision of this court. In a case last year we said:

"We do not understand in any event how a claim for fees for services rendered in this court can be included in the bill of costs. It included a fee for services in the court below of $300, and $200 in this court, and some small costs amounting to 85 cents. They must all be disallowed because not taxed within 10 days after final judgment and the one item of fees in this court must be disallowed for the additional reason that there was no authority to impose it. No one except this court naturally has such right and it could only have it by direct provision of law. The opposite principle seems to be established by section 8 of the Code of Civil Procedure when it prohibits the Supreme Court from imposing by its rules any tax or charge upon any legal proceeding. The order must be reversed and the case remanded with instructions to disallow the bill of costs." (*Vázquez* v. *Vázquez* [15 P. R. Rep., 273], decided May 20, 1909.)

Though perhaps only a part of the sum allowed was for fees in the Supreme Court it is impossible for us to segregate such fees and to say how much was for fees in each court.

The judgment of the court below must be reversed, in so far as relates to the attorney's fees, and the bill of costs will thus be reduced to sixty-seven dollars and fifty cents ($67.50), for which amount the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.